**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1198-WJM-CBS

B. ENLOW,

    Plaintiff,

v.

COVIDIEN LP (formerly Tyco Healthcare Group LP), a Delaware limited partnership,

    Defendant.

---

## ORDER DENYING MOTION FOR RECUSAL

---

This matter comes before the Court on Defendant's Motion for Recusal filed June 17, 2013 ("Motion"), which seeks recusal of the undersigned pursuant to 28 U.S.C. § 455(a). (ECF No. 13.) Plaintiff filed his Response on June 23, 2013 (ECF No. 18) and as such the motion is ripe for review. For the reasons set forth below, the Defendant's Motion is denied.

Pursuant to 28 U.S.C. § 455(a), "a judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Recusal is required when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002). As the moving party, Defendant bears the burden to establish sufficient facts indicating bias and prejudice to justify recusal. *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004).

Here, Defendant states that it does not intend to question the undersigned's

*actual* ability to be fair and impartial, but is questioning the *possible* appearance of impartiality that is allegedly created by the disclosure that upon my request, Plaintiff's counsel, Ralph G. Torres, Esq., made phone calls to specifically-named governmental officials soliciting support for the undersigned's nomination to be United States District Judge.  (ECF No. 12 at 2.; *see also* ECF No. 5.)

The Court finds that Defendant has failed to meet its burden of showing that recusal is required.  The judicial nomination process, by design, gives rise to those who support the nomination and those that oppose a nomination.  Courts have uniformly held that giving testimony in favor of or against a nominee is not sufficient to warrant recusal.  *See, e.g., Denardo v. Municipality of Anchorage*, 974 F.3d 1200, 1201 (9th Cir. 1992) (citing *United States v. Helmsley*, 760 F. Supp. 338, 342043 (S.D.N.Y. 1991); *Warner v. Global Natural Resources PLC*, 545 F. Supp. 1298, 1301-02 (S.D. Ohio 1982)).  If testifying in favor of or against a nominee does not warrant recusal, simply making phone calls in favor of a nominee surely cannot be sufficient.  *See U.S. v. Evans*, 262 F. Supp. 2d 1292, 1296 (D. Utah 2003) (holding that supporting or opposing the nomination of a judge is not sufficient grounds for recusal).

Moreover, there is as much obligation for a judge not to recuse as there is to recuse when appropriate.  *Bryce*, 289 F.3d at 659 (stating that a judge has "as strong a duty to site when there is no legitimate reasons to recuse as he does to recuse when the law and facts require.")

Defendant's only basis for recusal is the fact that, because the undersigned personally requested Mr. Torres's assistance, this personal request **could** suggest an on going personal relationship between Mr. Torres and me.  (ECF No. 13 at 2.)

However, the Court does not believe that a reasonable person would automatically infer that an ongoing relationship exists, from which the appearance of impartiality results, based solely on a request for support of a nomination made over three years ago. A judge should not recuse himself on such unsupported or highly tenuous speculation. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

The decision to recuse is committed to the sound discretion of the district judge. *Id.* at 939. The Court finds that Defendant has failed to provide sufficient facts to meet its burden of showing that recusal is required. This Court is firmly of the view that the alleged perceived appearance of impartiality asserted by Defendant fails to rise to the level requiring recusal.

Accordingly, Defendant's Motion for Recusal (ECF No. 13) is DENIED.

Dated this 1st day of August, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge